## Rodgers' Petition

J. Hayden Oliver, William J. Oliver, James A. Oliver and Paul H. Price, for petitioners.

Joseph P. Kane, for Pennsylvania Turnpike Commission.

ROBINSON, J., June 15, 1956.—On May 15, 1956, the originating petitioners in this case filed a petition for the appointment of viewers to assess damages allegedly incurred because of the appropriation of their property by the Pennsylvania Turnpike Commission in connection with the construction of the

Northeastern Extension of the Pennsylvania Turnpike.

We have now before us a petition by the turnpike commission to dismiss the originating petition and vacate the appointment of viewers made in pursuance to the prayer thereof. The turnpike commission avers that the originating petition is: (1) Insufficient because it fails to show a legal interest in the petitioners; (2) that the petition is defective because it fails to aver "legal evidence or legal right" or grant of an interest in land; (3) that it fails to aver a lease or legal right in the land; (4) that if there is a lease the petition is defective, and (5) that no legal interest is shown in the petitioners which would entitle them to damages under the laws pertaining to condemnation. We are of the opinion that the turnpike commission's petition to dismiss is clearly without merit and should itself be dismissed.

The turnpike commission's contentions ignore many of the settled rules of modern practice. It is hardly necessary to state that the pleading of evidence is not required and that so to do is quite improper. In a proceeding of this nature the source and origin of petitioner's rights need not be alleged with the particularity which surrounds the pleading of an abstract of title in an action of ejectment. All that is necessary is a concise and informative statement of the nature of petitioner's claim. And it is axiomatic that in a motion or a petition to dismiss a pleading all of the facts alleged therein on the question of dismissal are deemed to be and must be taken to be true.

Claimant-petitioners allege that they are in the business of mining and preparing anthracite coal; that they are engaged in mining coal from lands of one Moffat and transporting it over said lands to a public highway; that they have invested large sums of money in the operation and constructed a roadway

leading to the public highway which constitutes an easement in the lands, and that the construction of the turnpike extension destroyed the "roadway and easement and all access to the said coal operations". We hold these allegations to possess a sufficiency which at least saves the petition from dismissal, and requires that claimants be given opportunity to establish their rights in further proceedings.

It appears that an easement is a property interest for which the owners are entitled to damages for its taking or destruction in the construction project. Section 8 (a) of the Pennsylvania Turnpike Northeastern Extension Act of September 27, 1951, P. L. 1430, 36 PS §660.8 (a), authorizes the condemnation of "any . . . interest in lands . . . easements and other property". Section 9 (a) of the statute, 36 PS §660.9 (a), authorizes the appointment of viewers to ascertain "the value of such land, property rights, rights of way, easements or franchises". The allegations of the petition are broad enough to permit a viewers' award of damages if the claiming petitioners can sustain them by proof of an interest coming within the provisions of the statute.

In Myers' Petition, 39 D. & C. 712, Judge Reese, of the Court of Common Pleas of Cumberland County, held that a private easement or a right of way is property which when taken for public use destroying its enjoyment entitles the owner to compensation under the turnpike legislation. We agree with his conclusions in this respect and also that his opinion is a complete answer to the contentions raised by the commission's petition.

Accordingly, June 15, 1956, the petition of the Pennsylvania Turnpike Commission to set aside the appointment of viewers and dismiss the originating petition is dismissed, the order staying the proceedings is vacated, and it is ordered that the viewers shall meet

upon the property and view the same on Friday, June 22, 1956, at 11 o'clock. Exception for the commission.